# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LOUIS ALFORD-MORRIS DAY, aka Rickey Louis Alford CDCR #AY-2755<br><br>Plaintiff,<br><br>v.<br><br>BARACK OBAMA, et al.,<br><br>Defendants. | Case No. 18-cv-2706-BAS-WVG<br><br>**ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND** |

Rickey Louis Alford-Morris Day, also known as "Rickey Louis Alford," ("Plaintiff"), currently housed at the California Men's Colony located in San Luis Obispo, California, and proceeding *pro se*, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). For the reasons herein, the Court concludes that the Complaint is subject to *sua sponte* dismissal as frivolous and terminates the IFP motion as moot.

## DISCUSSION

Even if Plaintiff had properly requested IFP status, the Court finds that Plaintiff's Complaint is subject to *sua sponte* dismissal based on a mandatory pre-answer screening

1

pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)). This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328 (1989)). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. Thus, district courts have dismissed as frivolous an assortment of complaints containing clearly baseless factual allegations. *See, e.g., Frost v. Vasan*, No. 16-cv-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (secret conspiracy involving a U.S. Senator, a university, and the CIA); *Suess v. Obama*, No. CV 17-01184-JAK (DTB), 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (conspiracy involving former President Barack Obama, the CIA, and the FBI); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (kidnapping involving law enforcement officers disguised as pirates).

The Complaint filed in this action is patently frivolous. Plaintiff alleges that former

President Barack Obama, former First Lady Michelle Obama, current Supreme Court Justice Clarence Thomas, and current U.S. Senator Kamala Harris advocate the Ku Klux Klan and alleges that they are "impersonating black" people but are in fact "Neo Nazi." (Compl. at 2–3, 5.) He claims that "we're not sure if their [sic] blacks, attacking everything thats [sic] black, anti-Africa." (*Id*. at 8.) In addition, the Complaint contains myriad incoherent factual allegations, including allegations regarding a car repair shop, Mohammad Ali, copyright violations, and allegations against NBA players. (*Id*. at 9–17.) Plaintiff states *inter alia* that "[t]he U.S. Supreme Court should be abolished with all Federal Judges[.]" (*Id*. at 18.) Because the Complaint is frivolous, the Court does not grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

## CONCLUSION & ORDER

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court **DISMISSES WITHOUT LEAVE TO AMEND** this action on the grounds that it is frivolous. The Court **TERMINATES AS MOOT** Plaintiff's IFP motion. (ECF No. 2.) The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

**DATED: December 3, 2018**

Hon. Cynthia Bashant
United States District Judge